VAUGHN, Respondent, v. LOCKE, Appellant.

1. Where a landlord seeks, under the act concerning landlords and tenants (R. C. 1855, p. 1016–17), to recover possession of the demised premises, the statement filed by him before the justice of the peace must set forth the amount of rent actually due to such landlord, and that the same has been demanded from the tenant.
2. Where one purchasing the demised premises of the landlord seeks to recover possession of them under the 38th section of said act, his statement of the amount of rent due and demanded should embrace only that which is due to himself, and not that which is due to his vendor.

*Appeal from Buchanan Court of Common Pleas.*

This was an action under the landlord and tenant act to recover possession of certain lots in the city of St. Joseph. The statement filed with the justice of the peace is substantially as follows: That on the 7th of August, 1856, one G. W. Goode, being then the owner of certain lots and buildings in the city of St. Joseph, rented the same to defendant for one year at the yearly rent of ninety dollars; that on the 20th of April, 1857, Goode conveyed said premises to plaintiff, of which fact defendant had due notice; that defendant accepted plaintiff as his landlord and promised to pay plaintiff the rent for said premises; that defendant is still in the occupation and possession of said premises, and has so occupied the same after the expiration of said year without any

new contract, thus becoming by operation of law a tenant of plaintiff for one year from August 7, 1857, upon the same terms and conditions as the preceding year; that there is now due from defendant, as rent for said premises, the sum of $112.50; that the same has been demanded of defendant, but to pay said amount, or any part thereof, defendant has wholly failed and refused. Plaintiff therefore prays that he recover possession of said lots, &c., in accordance with the statutes in such case made and provided.

This statement was filed with the justice of the peace January 16, 1858. The following account accompanied the statement or complaint: "P. B. Locke to Alfred J. Vaughn, jr., Dr. Jan. 8, 1858. For rent of lots 1, 2, 3, 4, 5 and 6, in Block 44, 'Robidoux Addition,' from August 7, 1856, to November 7, 1857 — 15 months — at $90 per annum — $112.50."

The justice awarded restitution of the premises to the plaintiff. On appeal, the Buchanan court of common pleas rendered judgment in favor of plaintiff.

*Ryland, Edwards, Ewing* and *Locke,* for appellant.

The complaint was not sufficient to warrant the finding by the court for the plaintiff. (1 How. 211; 2 Comst. 141; 7 East, 363; R. C. 1855, p. 1016, 1018, § 35; Evans v. Miller, 25 Mo. 175; Ridgley v. Stillwell, 25 Mo. 570.)

NAPTON, Judge, delivered the opinion of the court.

This proceeding was commenced under certain provisions introduced into the recent revision of the law concerning landlords and tenants. These provisions will be found at pages 1016, 1017 and 1018 of the revised code of 1855, including sections numbered from 32 to 40. The first six sections are transcribed from a local act, found in the appendix of the revised code of 1845, applicable only to St. Louis county, and the three last sections are copied from the act of 1849, which was amendatory of the first mentioned law.

The sections relative to purchasers of leased property are ambiguous in phraseology and make no provision for an apportionment of the rent when a sale is made in the intermediate time between the two periods when the rent becomes due. At the common law, as rent follows the reversion or ownership of the land, no apportionment would be made, but the monthly, quarterly or annual rent would follow the land and belong to the owner at the time it accrues. But it is not mentioned in this case how this question is determined. Two quarters' rent were due to Goode (the original lessor) before the purchase was made by the plaintiff, and would no more pass with the land than any other personal claim of the lessor against the lessee. It is not to be inferred from the language of the 38th section that in extending to a purchaser of rented property the remedies previously given to the original lessor for getting possession of the rented premises, it was intended that the statement required of the amount of rent due should embrace not only what was due to the party complaining, but to his assignor or vendor. It will be observed that no judgment is given for the rent, but merely for the possession. The exact amount of rent due is required to be stated, not because that will affect the judgment either way, but because the tenant is permitted, upon a demand of the sum actually due him, to avoid the suit entirely by paying the demand, and may also, after the suit is brought and at the hearing before the justice, come forward and pay up the rent and costs, and still retain possession of the premises. In this view of the statute, it is plain how important it is that the plaintiff should state the amount really due, for the amount stated must be the amount previously demanded; and when a greater amount has been demanded than is really due, the tenant can in no way avoid the suit and its costs without paying the sum thus claimed. If the construction of the circuit court be sustained, then, if upon trial the plaintiff is entitled to possession, however much the sum demanded may vary from the sum found to be actually due, the tenant is deprived of his privilege of paying up the

demand before suit. This was not the intention of the act, and it is not a compliance with its provisions to demand a larger sum than is actually due.

Judgment reversed. The other judges concur.