E. A. COOK, et al., Plaintiffs in Error, vs. GEO. DECKER, et al.,. Defendants in Error.

1. *Justice of peace—Action for rent—Mineral lands—Complaint—Specification of amount.*—In suit for rent before a justice of the peace, plaintiffs' complaint must specify the exact sum, or if rent be payable in particular products or material, the exact amount thereof, demanded and due.

2. *Justice of peace—Rent of mineral lands—Complaint—Specification of amount due—Jurisdiction.*—In suit for rent against the tenant of mineral lands, a statement that defendants had taken out of the ground thirty-two thousand pounds of ore, and that one-fourth of it was due to, and demanded by, plaintiffs, is sufficient; and unless it appear from the record that such amount was over the jurisdiction of the justice, the judgment will not be set aside merely because the damages claimed for such default exceeded the jurisdiction.

*Error to Morgan Circuit Court.*

. *A. W. Anthony, with Ewing & Smith*, for Plaintiffs in Error, cited : Harley vs. McAuliff, 26 Mo. 525 ; Sweeney vs. Mines, 31 Mo. 240.

*John D. Neilson*, for Defendants in Error, cited : Vaughn vs. Locke, 27 Mo. 290 ; Harley vs. McAuliff, 26 Mo. 525, 528.

WAGNER, Judge, delivered the opinion of the court.

The only question for consideration is, whether the court erred in dismissing the case on defendants' motion.

The proceeding was originally instituted before a justice of the peace, under the act in regard to landlords and tenants, and the complaint stated that the defendants were tenants of the plaintiffs, and that they held under them certain mineral lands, and that they were to pay, as rent, one-fourth of the mineral that they took out of the ground ; that they had taken out thirty-two thousand pounds of lead ore, one-fourth of which was due plaintiffs, and that payment thereof was demanded, which was refused, etc., wherefore judgment for possession was demanded. The case was taken to the circuit court, and in this last court defendants made their motion to dismiss the case : 1st, because the justice of the peace had no jurisdiction of the amount claimed to be due, it being for two hundred and eighty dollars ; 2d, because the statement filed did not state the amount of the rent actually due spe-

cifically, either in money or lead ore. This motion the court sustained.

The statute provides (Wagn. Stat. 882, §§ 33–35) that the landlord shall file a statement, setting forth the terms upon which the property was rented, and the amount of rent actually due, but that the amount shall not exceed the jurisdiction of a justice of the peace. In construing this statute in Vaughn vs. Locke (27 Mo. 290), this court said: "The exact amount of rent due is required to be stated, not because that will affect the judgment either way, but because the tenant is permitted, upon a demand of the sum actually due from him, to avoid the suit entirely by paying the demand, and may also, after the suit is brought, and at the hearing before the justice, come forward and pay up the rents and costs, and still retain the possession of the premises. In this view of the statute it is plain how important it is that the plaintiff should state the amount really due; for the amount stated must be the amount previously demanded; and where a greater amount has been demanded than is really due, the tenant can in no way avoid the suit and its costs without paying the sum thus claimed. If the construction of the circuit court be sustained, then, if upon trial the plaintiff is entitled to possession, however much the sum demanded may vary from the sum found to be actually due, the tenant is deprived of his privilege of paying up the demand before suit."

As above stated the exact amount due must be demanded, in order to permit the tenant to pay the sum and retain the possession of the premises. Till he refuses to pay the amount there is no reason for molesting or ousting him. To demand an uncertain amount, or to say that the landlord is entitled to an undivided share of certain articles, without making them definite, would not be sufficient. There might frequently be a disagreement as to what was the proper share or amount actually due.

But a fair construction of the complaint here does not render it liable to this objection. It states that the defendants had taken out of the ground thirty-two thousand pounds of lead ore, and that one-fourth of it was due to the plaintiffs, and that they had demanded it, and defendants had refused to pay it. This

was surely sufficiently definite. It was a demand for one-fourth of thirty-two thousand pounds, which the plaintiffs claimed were actually due them, and which would have been discharged by the payment of eight thousand pounds. This was the precise amount demanded as actually due, and it was easily ascertainable by the defendants. This reason, therefore, stated in the motion, was not a good ground for dismissing the case.

The other reason assigned was that the amount was for two hundred and eighty dollars, and over the jurisdiction of a justice of the peace. The market price of the eight thousand pounds of lead was probably the amount stated, but that was a matter the court could not take judicial notice of, and the record fails to disclose that there was any evidence given on the subject. Till it was shown by evidence that the sum claimed was beyond the justice's jurisdiction, as it did not appear from the statement, the court could not dismiss for that reason.

The judgment should be reversed and the cause remanded ; all the other judges concur.