M. A. WOLFF, ADMINISTRATOR, Respondent, *v.* CHARLES
SHINKLE, Appellant.

### June 12, 1877.

In an action, under the Landlord and Tenant Act, to recover possession, where
the affidavit was filed April 2, 1875, and stated that $180 was due for rent,
from October 1, 1873, to October 1, 1874, *held,* that the affidavit showed
either that the whole amount of rent due at the time of filing the complaint
was not stated, and had not been demanded, or else that the rent for the
year immediately preceding the filing of the complaint had been paid; and
that, in either case, the affidavit was bad.

APPEAL from St. Louis Circuit Court.
*Reversed and dismissed.*

H. B. O'REILLY, for appellant, cited: *Cook* v. *Decker*,
63 Mo. 328; *Garnhart* v. *Finney*, 40 Mo. 449; *Vaughn*
v. *Schocke*, 27 Mo. 290.

R. S. MacDONALD, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is an action to recover possession of premises,
brought before a justice of the peace, under the Landlord and
Tenant Act. The complaint is as follows: "Harriet I. N.

Merritt, administratrix of the estate of A. S. Merritt, deceased," * * * " states that Charles Shinkle rented, and now occupies as the tenant of affiant," * * * " a two-story brick house," * * * " which said premises were rented to said Charles Shinkle by the month, payable at the end of each month, at the rate of $30 per month; that the sum of $180 is now due for said rent from October 1, 1873, to April 1, 1874; that the same has been demanded from Mrs. Charles Shinkle, one of the occupants of said premises, and that payment has not been made. Plaintiff therefore asks judgment for her rent and restitution of her premises." There was a default, and judgment for possession and for $180 debt, for rent, a motion to set aside the judgment by default, and an appeal by the defendant to the Circuit Court. In the Circuit Court the present plaintiff was substituted, and the defendant failing to appear, the judgment of the justice was affirmed. A motion in arrest was made, and this being overruled, the case was appealed to this court.

The appellant makes several objections to the proceedings before the justice and in the Circuit Court, but it is necessary to notice only one. The record shows that the affidavit was filed with the justice, and summons issued, on April 2, 1875. Upon this it is contended that the affidavit is bad, and that the justice had no jurisdiction. As the affidavit states that $180 is due for rent from October 1, 1873, to October 1, 1874, and that the same has been demanded, it is apparent either that the amount of rent due at the time of the filing of the complaint is not stated, and has not been demanded, or else that the rent of the premises for the year immediately preceding the filing of the complaint has been paid by the defendant. It would seem that, in either alternative, the affidavit is bad. By the former statute (Gen. Stat. 1855, pp. 1016, 1017, secs. 33, 35), rent was not recoverable in this proceeding, but the exact amount of rent due was required to be stated, not because it would affect the judgment, but, as was said by Judge Napton in *Vaughn* v.

*Locke*, 27 Mo. 292, because the tenant is permitted, upon the demand of the sum actually due him, to avoid the suit by paying the demand, and because he may come before the justice, and, by paying the rent and costs, retain possession. *Cook* v. *Decker*, 63 Mo. 328. As the amount actually due must be demanded, and must be stated in the affidavit, it would seem to follow, in this case, that the landlord received from the tenant to whom he says these premises were rented, and who, he says, now occupies them, the rent for the period from April 1, 1874, to April 1, 1875. The question accordingly arises whether, under the supposition of such payment by the tenant and receipt by the landlord, the present action can be maintained. The remedy is statutory, special in its nature, and the proceeding summary. The object is to give the landlord a means of speedily obtaining restitution of his premises. The ground of the restitution is the failure to pay rent, as such. The question is, when by the landlord's own act the rent has ceased to be such, has lost its distinctive character as rent, and become a general indebtedness, whether the landlord can proceed under the statute. Here the supposition is that the landlord has received his rent for the year immediately preceding the bringing of this suit. He has thus separated his claim from any present demand in the nature of newly-accrued rent, and given to it the character of an ordinary chose in action.

Upon the principle of waiver, as applicable to acts of the landlord, it may well be held that he has surrendered his right to proceed under the act. *Garnhart* v. *Finney*, 40 Mo. 449 ; Taylor's L. & T., sec. 497. Whether the money received was, by agreement, appropriated to the recent rent, makes no difference ; it was still by the act of the landlord that the waiver took place. He should have insisted on an appropriation to the old debt. But considerations drawn from the nature of the statute itself seem to lead to the conclusion that there cannot be a recovery in such cases. As has been said, the act is in favor of the landlord, —

gives him a special and summary remedy, on the ground
that rent, as such, is due him.   The wording of the statute,
its insistence on a demand as a prerequisite, the fact that
in any event only the amount of rent within a justice's jur-
isdiction can be recovered, while at the option of the plain-
tiff none need be recovered, — these things go to show that
the authors of the statute, even with its present additions,
did not intend to give the landlord this process when he has
appropriated payments made to him to the extinguishment
of all recent obligations of the tenant to pay rent, and
thereby destroyed the basis of the special proceeding.   The
contrary doctrine implies that the landlord may use against
his tenant this summary process in case of any debt for
rent of the premises which is not barred by the general
statute of limitations.   Such a construction would ob-
viously be contrary to the intent of the Legislature as
well as to the words of the act.

As it appears from the affidavit, in connection with the
date of its filing with the justice and of the process issued
upon it, that either the amount of rent that is due is not
stated, and no proper demand has been made, as required
by law, or else that no rent is due, within the meaning of
the statute under which the proceeding is brought, the
judgment will be reversed and the suit will be dismissed.
All the judges concur.