J. J. HORN, Appellant, *v.* C. PETELER, Respondent.

### February 10, 1885.

LANDLORD AND TENANT — WAIVER. — The tenancy being from month to month, the taking of the tenant's negotiable note for rent in arrears and the acceptance of rent for subsequent months is a waiver of the right of the summary action under the statute for the arrears of rent.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

WILLIAM E. JONES, for the appellant.

E. B. WOLFF, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a landlord's summons under the statute. The tenancy is a tenancy from month to month. The rent is $15 per month. On July 15, 1883, the landlord accepted the negotiable promissory note of the tenant for $30, the same being the amount of two month's rent then past due. The note does not express the consideration for which it was given. Thereafter the tenant paid the monthly rent regularly as it fell due down to the month of March, 1884, at which time he made default in the payment of one month's rent. The landlord thereupon demanded of him as rent $45, being the two months' rent for which the note was given, and also the rent for the month of March, which was in arrear. He, at the same time demanded possession of the premises. The tenant tendered $15, the rent in arrear for the month of March, within the time prescribed by the statute, which tender was refused. On the trial in the circuit court, to which the cause had been appealed from the justice, the landlord surrendered the note to the court. The cause having been submitted to the court without a jury, judgment was given for the defendant.

It will be perceived that the only question is, whether the taking of a promissory note for past due rent and the acceptance of rent subsequently accruing, is a waiver of the forfeiture by the tenant of his right to possession which took place when the rent for which the note was given had become in arrear, and of the right which then accrued to the landlord of proceeding against the tenant under the statute. We have no doubt that it is. The question is governed by the doctrine laid down by this court in *Wolff v. Shinkle* (4 Mo. App. 197, 199), in which Hayden, J., said: "The remedy is statutory, special in its nature, and the proceeding summary. The object is to give the land-land a means of speedily obtaining restitution of his premises. The ground of the restitution is the failure to pay rent, as such. The question is, when by the landlord's

own act the rent has ceased to be such, has lost its distinctive character as rent, and become a general indebtedness, whether the landlord can proceed under the statute. Here the supposition is, that the landlord has received his rent for the year immediately preceding the bringing of this suit. He has thus separated his claim from any present demand in the nature of newly accrued rent, and given to it the character of an ordinary chose in action. Upon the principle of waiver as applicable to the acts of the landlord, it may well be held that he has surrendered his right to proceed under the act." The more general principle laid down by the supreme court in *Garnhardt* v. *Finney* (40 Mo. 449, 460), seems equally to apply. That principle is that the acceptance of rent, after full notice or knowledge of the failure for which the forfeiture might have been claimed, is such a waiver of the forfeiture as prevents it from being afterwards asserted. Forfeitures are not favored, and in respect of the question what acts amount to a waiver of the landlord's right to insist upon a forfeiture of the term, it was said in that case, by Holmes, J., that "slight acts are deemed sufficient for this purpose, and any recognition of a tenancy subsisting after the right of entry has accrued and the lessor has notice of the forfeiture, will have the effect of a waiver. A man may be estopped by acceptance of rent." Whether upon the ground on which this court proceeded in *Wolff* v. *Shinkle* (4 Mo. App. 197), that by accepting the note the debt lost its distinctive character of rent and became an ordinary debt, or on the doctrine of *Garnhardt* v. *Finney* (*supra*), that the subsequent acceptance of rent was a waiver of the precedent forfeiture, the result is equally the same.

The judgment is affirmed. All the judges concur.