L. P. MOOERS, Appellant, v. CHARLES MARTIN, Respondent.

St. Louis Court of Appeals, December 21, 1886.

1. LANDLORD AND TENANT—FORFEITURE OF PREMISES—AFFIDAVIT.—A landlord, in bringing his action by summons for rent due and for the premises, under the statute, must, in his affidavit, state all the rent that is due, but a statement of less than is actually due will not bar his recovery.

2. ——— SPLITTING DEMANDS.—The bringing of a second suit by landlord's summons for additional rent is not a waiver of rent claimed, nor of the forfeiture of the premises asserted in the first suit, but if the demands sought to be enforced existed when the first suit was begun, that may bar a recovery in the second suit.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Transferred to the Supreme Court.*

BROADHEAD & HAEUSSLER, for the appellant: The plaintiff had a right to sue for each month's rent separately, as each constituted and was ground for a separate cause of action, after it was due and earned, but could not be recovered for as a money demand until earned, although payable in advance by terms of contract. *Bridle v. Grau*, 42 Mo. 359; *Wagner v. Jacoby*, 26 Mo. 532.

L. D. SEWARD, for the respondent: A suit for rent and possession must state all the rent due, and the cause of action can not be so divided as to support two actions for rent and possession. *Wolff v. Shinkle*, 4 Mo. App. 197; *Vaughn v. Locke*, 27 Mo. 292.

THOMPSON, J., delivered the opinion of the court.
This is a proceeding under the landlord's and ten-

ant's act for rent in arrear and restitution of premises. The complaint shows that the premises were rented for one hundred dollars per month, payable in advance on the first day of every month. The suit was commenced on October 21, 1885, and the demand is for the unpaid rents for the months of August and September. It appears that on the same day the plaintiff commenced a similar proceeding for the October rent, but this was afterwards dismissed in the circuit court. On the defendant's appeal from the justice, this cause was heard by the court without a jury, and judgment was given for the defendant. Uncontradicted testimony showed that the defendant had vacated the premises in controversy on December 12, 1885, before the trial of this cause in the circuit court, and that the plaintiff had since been in possession of the same. The court refused two instructions requested by the plaintiff, the substance of which was that, under the facts above recited, if the rent payable August 1, September 1, and October 1, had been demanded of the defendant by the plaintiff, and payment refused, the plaintiff could maintain this action for the rent, payable August 1 and September 1, and that it was no bar to her right of recovery that she did not set forth in her affidavit that the rent payable October 1 had been demanded and not paid.

In refusing these instructions, and in rendering judgment for the defendant upon the facts above set out, about which there was no controversy, the learned judge seems to have proceeded upon the case of *Wolff v. Shinkle* (4 Mo. App. 197), and kindred cases, which hold that, in a proceeding by landlord's summons under the statute, it is necessary for the plaintiff to demand and to state in his affidavit the exact amount due, in order that the tenant may prevent a forfeiture of the term by paying this amount. *Vaughn v. Locke*, 27 Mo. 292 ; *Cook v. Decker*, 63 Mo. 328. The statute in terms requires that the statement shall set forth "the amount of rent

actually due." Rev. Stat., sect. 3098. But neither the
terms of the statute nor these decisions go so far as to
oust the plaintiff of all remedy because, although he has
demanded the actual amount of rent due, as the plaintiff
did in this case, he has failed to state in his affidavit that
rent was due for the month which had not expired at the
time of the bringing of the action. While a party might
justly be held, by not including all that is due to
him on one account, in one action, to have waived the
residue, and while the tenant, by tendering the two
months' rent sued for in this action, would clearly have
saved a forfeiture, yet we do not believe that there can
be found in any civilized system of jurisprudence a prin-
ciple so absurd as that the plaintiff is to be ousted of all
remedy, whether in an ordinary proceeding, or in a pro-
ceeding to enforce a forfeiture, merely because he does
not sue for all that is due him. Such a principle would
turn the indulgence which a creditor might choose to ex-
tend to his debtor, into a sword to strike down the rights
of the creditor. We do not believe that our supreme
court intended so to decide, either in *Vaughn v. Locke*,
or in *Cook v. Decker* (*supra*). In *Vaughn v. Locke*, the de-
fect in the statement was, that the landlord had demanded
and was suing for *more* than was due; and in *Cook v.
Decker*, the objection to the statement was, that the rent
was payable in specific property (lead ore), and that it
was not clear, from the statement, what was the amount
due; and the court, while quoting the language of Judge
Napton in *Vaughn v. Locke*, the substance of which was
that the plaintiff must demand, in his affidavit, the
amount really due, held that he had done so in the par-
ticular case. The language used by Judge Hayden in
*Wolff v. Shinkle* (*supra*), admits of the construction
that if the landlord make the mistake of demanding and
suing for a less amount of rent than is actually due, he
thereby waives a forfeiture. The facts of that case did
not necessarily call for a decision of that point; if they

had done so, we would not hesitate to overrule that case on that point. As it is, we merely express our disapprobation of any language asserting that principle.

But we reaffirm the principle laid down in *Wolff v. Shinkle*, that by accepting payment of rent for periods of time subsequent to that for which the plaintiff brings the landlord's summons, he thereby waives the right to the summary remedy given by the statute, and the rent due for the preceding periods loses its distinctive character as rent and becomes a mere debt. We reaffirm the doctrine of *Horn v. Peteler* (16 Mo. App. 438), that the same effect follows where the landlord accepts the tenant's negotiable note for rent accruing at a date subsequent to that for which he brings his landlord's summons under the statute.

The only remaining question is whether, by reason of anything disclosed by the evidence, there has been such a waiver in this case. We can see no evidence tending to show such a waiver. The evidence shows that the plaintiff demanded all the rent due (including that for the month of October, payable on the first of the month, though not entirely earned), and that she brought a separate landlord's summons under the statute for the October rent. We can see in this no purpose whatever to waive her rights under the statute, and to allow the rent due for August and September to lose its distinctive character as rent and become an ordinary debt. The institution of the suit for the August and September rent was a distinct assertion of forfeiture, and it is not apparent how the assertion of a still further forfeiture, for non-payment of the October rent, although such assertion may have been erroneous, was a waiver of the prior forfeiture. She was suing for two things, as she might do under the statute, restitution and rent due. As she was claiming a forfeiture, it was by no means clear that she could include in her suit rent due by the con-

tract, but not earned. Forfeitures are not favored, and we know of no principle on which a landlord can forfeit the term for unearned rent payable in advance, and at the same time recover the rent. He can, indeed, bring an ordinary action for the unearned rent and recover it, but this would not prevent him from allowing the rent to be earned by allowing the tenant the use of the premises until it should be earned.

The plaintiff, then, was confronted with this dilemma: either to include in her statement in this case the October rent, at the risk of having her whole proceeding fail by reason of having sued for too much, or not to include it. She chose not to include it. And because she made it the basis of a contemporaneous action under the statute, which action was improvidently brought and subsequently dismissed, it is argued that she has waived her right to maintain this action. Such a conclusion is quite untenable.

Aside from these facts, the defendant himself gave evidence, not contradicted, to the effect that before the trial in this cause in the circuit court, he had surrendered possession of the premises to the plaintiff, and that the plaintiff had ever since then been in possession. Upon this state of facts, all that the judgment of the court could have given her was the two months' rent for which she was suing. The judgment which was entered had, then, merely the result of turning her out of court because she was suing for two hundred dollars only, instead of suing for three hundred dollars. The whole substance of the defendant's contention then is, that he was prejudiced in a legal sense because she did not sue him for three hundred dollars, instead of two hundred dollars. Why should she be obliged to sue for three hundred dollars instead of two hundred dollars, in order to have her writ of restitution, when the statute (sect. 3100, Rev. Stat.) expressly gives her the right to sue for restitution without suing for any rent at all?

The judgment should be reversed, and judgment will be entered here for the plaintiff, upon the uncontradicted facts of the case, for the amount of rent demanded in her statement herein, with interest, according to the prayer thereof. It is so ordered. Judge Rombauer concurs. Judge Lewis, dissenting, is of opinion that this decision is contrary to a previous decision of the supreme court. The cause will, therefore, be certified and transferred to the supreme court, as directed by section six of the constitutional amendment, adopted on November 4, 1884.

LEWIS, P. J., delivered a dissenting opinion.

I am unable to concur in the conclusion of my learned associates, chiefly on account of its direct antagonism with repeated rulings of our supreme court, and of this court, as I understand them. It seems to me that a serious mistake underlies the whole reasoning of the majority opinion. This consists in treating the present proceeding as a specific action for the collection of rent, the ouster of the tenant being a mere incidental adjunct to the remedy. Here is clearly an unauthorized transposition of terms. The leading intent of the landlord's and tenant's act is, primarily, a restitution of possession to the land owner, while the collection of rent in arrear is appended as an incident which, by the express terms of the statute, the landlord may eliminate without prejudice to his recovery of the possession. All the arguments so strongly presented against the denial of a plaintiff's right to sue for less than he might claim, if he would, and supposed to be illustrated in this case by the plaintiff's being turned out of court because she sued for two hundred dollars instead of for three hundred dollars, might have a controlling force in any suit for the mere collection of money. But they have not the least application to a controversy about a forfeiture, whose conditions are exactly prescribed by contract or by law,

and which must fail if any of such conditions be either disregarded or waived.

The landlord's and tenant's law of Missouri, and kindred enactments in other states, are handed down, in substance, from the English jurisprudence, and are the legitimate offspring of the ancient sacredness of landed property. They assume an absolute right in the land owner to a constant enjoyment of his land. If that enjoyment be broken in upon by the failure of a tenant to perform the stipulations of his lease contract, a summary remedy, denied to other property rights, is provided for its prompt restoration, in the actual re-possession of the land. This remedy does not await the slow and uncertain pursuit of damages for the breach of contract. It at once annuls the contract, and wrests from the defaulting lessee all its prospective privileges, however secured, or supposed so to be. Such a wholesale destructive process is utterly inconsistent with a continuance of the relation of landlord and tenant for a single instant of time, after the event upon which the landlord assumes a forfeiture of the tenancy. Hence the authorities say, that any act of the landlord which implies a continuance of the tenancy with his consent, after the happening of such an event, will be *per se* a waiver of the forfeiture which that event might otherwise create. Our supreme court says of such a waiver : "Slight acts are deemed sufficient for this purpose, and any recognition of a tenancy subsisting after the right of entry has accrued and the lessor has notice of the forfeiture, will have the effect of a waiver." *Garnhart v. Finney*, 40 Mo. 460. The court here cites 2 Platt on Leases, where it is said, referring to more than twenty authoritative decisions : "And as forfeitures, to use the phrase of the books, are odious in law, slight acts on his (the lessor's) part have been deemed sufficient to amount to a waiver. Indeed, it may be stated as a general rule, that any recognition of a tenancy subsisting after the right of entry has ac-

·crued, and the lessor has had notice of the forfeiture, will have that effect. For example, an acceptance, *or an absolute and unqualified demand* of rent accruing due .after the forfeiture, will operate as a waiver, whatever may be the secret motive of the lessor in taking *or demanding* it." In *Doe v. Birch* (1 M. & W. 408), Park B., said: "Then I think that an absolute unqualified demand of the rent, by a person having sufficient authority, would have amounted to a waiver of the forfeiture, ·and it would have been like the case I cited from Croke's · Reports." In *Doe v. Miller* (2 C. & P. 343), it is held that a notice to quit at the end of half a year, given after the happening of a breach, is a waiver of the forfeiture previously accrued.

These well settled principles were the real groundwork which sustained the decisions in *Garnhart v. Finney* (40 Mo. 449); *Wolff v. Shinkle* (4 Mo. App. 197), and *Horn v. Peteler* (16 Mo. App. 438). My learned associ:ates seem to assume that there is a distinctive force in the receiving of money, or of a promissory note, for rent .accruing after a forfeiture. But how can either of those acts indicate a waiver of the forfeiture, except as it will amount to the recognition of a continuing tenancy, which ·could not co-exist with a forfeiture of the term? The decisions mentioned stand upon no imaginable basis other than that, and an unqualified *demand* of after-accruing rent is every bit as much such a recognition on the part of the landlord, whether the tenant pays the money,. gives his note, or refuses to do either. So say :all the authorities that touch the subject, excepting my learned associates in this case.

The application of these principles to the present ·case is simple enough. The suit proceeds upon an alleged forfeiture of the defendant's right of occupancy, ¯by reason of his failure to pay the August and September rents. After these breaches had occurred, the ¯plaintiff *demanded by suit* the subsequently accruing

rent for october. This was a distinct recognition of the relation of landlord and tenant, as continuing to subsist after the last day of September; which continuing relation was wholly irreconcilable with an alleged forfeiture consummated by the August or September breach. That alleged forfeiture was, therefore, waived by the plaintiff, who had, consequently, no right to institute this proceeding for its enforcement. It is not of the least consequence that the October suit was dismissed. The plaintiff could not thus defeat the legal effect of her waiver. Nor does it matter whether the October rent was earned, or only due by the terms of the contract. In my opinion, the distinction is without a difference. In any event, the plaintiff, by her suit and demand, declared the defendant to be her continuing tenant for at least a part of the month of October, and this was precisely one of those "slight acts" which the law, in its abhorrence of forfeitures, deemed sufficient to constitute a waiver. It appears, as a matter of fact, that the tenancy continued until the twelfth of December, when the defendant surrendered his occupancy.

In my opinion, the decision of this court in the present case is contrary to the decision of the supreme court in *Garnhart v. Finney* (40 Mo. 449), and to the decisions of this court in *Wolff v. Shinkle* (4 Mo. App. 197), and *Horn v. Peteler* (16 Mo. App. 438); and this cause should be certified and transferred to the supreme court, in accordance with the provisions of section six of the constitutional amendment, adopted in November, 1884. Sess. Acts 1883, p. 216.