JOSEPH FISHER, Respondent, v. H. C. CHITTY, Appellant.

St. Louis Court of Appeals, May 7, 1895.

By BOND, J.

1. **Leases:** CONSTRUCTION OF COVENANT BY LESSOR FOR ALTERATIONS. A lease contained a covenant by the lessor "to finish the carpenter work in the third story, to put in all necessary water supply pipe and all necessary waste pipe." Other portions of the lease contained specifications for plumbing on other floors than the third. *Held*, that the clause quoted did not require the pipe mentioned therein to be placed on the third floor, especially in the absence of evidence that such pipe was necessary there.

2. ———: PAROL EVIDENCE IN VARIANCE OF WRITTEN CONTRACT. And *held*, further, that oral evidence of the understanding of the terms of the lease on the part of the lessor and lessee was not competent, it being in variance of the writing.

Fisher v. Chitty.

3. **Landlord and Tenant**: ACTION FOR POSSESSION: DEMAND OF RENT. In an action by a landlord against his tenant for the possession of the demised premises on account of the nonpayment of rent, it is sufficient for the landlord to establish a demand by him, prior to suit, for the payment of all the rents due, except that for the current month; and this is so, though the rent for that month is payable in advance.

*Appeal from the Texas Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*N. B. Wilkinson, H. D. Green* and *L. O. Neider* for appellant.

*Massey & Tatlow* for respondent.

BOND, J.—This suit is by the purchaser of leased premises against the tenant for possession because of nonpayment of rent. The defenses are that all the rents due were not demanded before the bringing of the suit; and that certain improvements provided for in defendant's lease were not made, wherefore no rent was due. The court directed a verdict for plaintiff. Defendant appeals.

The first question presented for review is the construction of the clause of defendant's lease relied upon in the answer, which is, to wit: "To finish the carpenter work in the third story, to put in all necessary water supply pipe and all necessary waste pipe." The other portions of the lease contain specifications of the plumbing to be placed on the other floors of the house. There is no mention in it of any specifications for such work on the floor. The only color lent to the theory, that the latter part of the clause, *supra*, relating to water supply and waste pipes, was intended to apply to the third floor, arises from its juxtaposition to the provi-

sion requiring the carpenter work in the third floor to be finished. This is not, of itself, sufficent to make it applicable to that portion of the house, and, even if it could be held to be so, there is no evidence in the record tending to show that supply and waste pipes were *necessary* in the third floor of the building. Doubtless, they would have added to the convenience of the lessee in obviating the carrying of water to that floor, but the term of the contract is *necessary*, not convenient, and circumstances tending to prove what was convenient are not sufficient to create a liability on a stipulation for what was necessary. Hence, there was no error in the construction given by the circuit court to the clause *supra*, of the lease, whereby it was held not to require the placing of water and supply pipes in the third story of the building.

The next question presented relates to the demand of rent. The petition and proof show that plaintiff demanded all the rent due at the time of demand, except that payable in advance for the current month. It has been expressly held under similar circumstances that a demand for all the rents, except that accruing for an unexpired month at the time of demand, but payable on the first of the month, is sufficent. *Mooers v. Martin*, 23 Mo. App. 654; *Mooers v. Martin*, 99 Mo. 94.

Nor is there any merit in the assignment of error for the exclusion of deposition showing the understanding of the tenant and former owner of the terms of the lease. The lease was a written contract and could not be altered, varied or changed, by oral evidence. There being no reversible error in the judgment, it is affirmed. All concur, Judges ROMBAUER and BIGGS in the result.