BRADLEY, Respondent, v. CAMPBELL, Appellant.

St. Louis Court of Appeals, May 26, 1908.

1. APPELLATE PRACTICE: Finding of Fact: Parties. In an action wherein determination of the question whether there was a defect of parties depended upon a finding of facts, a finding of the facts by the trial court on that proposition where the evidence was conflicting is conclusive upon the appellate court.

2. LANDLORD AND TENANT: Action for Possession and Rent: Waiver. Where rent is payable in advance, the landlord, af-

131 App.—46

ter demand and refusal, may sue for rent due and unearned without waiving his right to demand possession in the same action.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Sam J. Corbett* and *C. G. Shepard* for appellant.

(1) Plaintiff having alleged in his petition that he leased and rented the property in question to C. Campbell and Mary Campbell, which petition was sworn to by the plaintiff, he is now estopped to deny the truth of that allegation.    Harrison v. McReynolds, 183 Mo. 533; Cousins v. Bowling, 100 Mo. App. 452; Cross v. Railroad, 71 Mo. App. 585.    (2) The court erred in permitting plaintiff to recover or to maintain this action, the same being a summary proceeding under the statute for rent and possession, when the evidence in the case showed that the plaintiff was not entitled to recover the amount prayed for in his petition, and the judgment of the court was for a smaller amount than that asked for in the petition, and the rent sued for had not been earned at the time the suit was filed. Mooers v. Martin, 23 Mo. App. 657; Same case affirmed in 99 Mo. 95; Welch v. Ashby, 88 Mo. App. 400; Fisher v. Chitty, 62 Mo. App. 406.

*Ward & Collins* for respondent.

If appellant is right in his contention that C. Campbell and Mary Campbell formed a copartnership under the name of Campbell & Company, then a suit against one of them is sufficient to bind the copartnership and one partner cannot plead in abatement the nonjoinder of the others.    R. S. 1899, sec. 892; Oldham v. Henderson, 4 Mo. 295; Simpson v. Schulte, 21 Mo. App. 639.

GO'ODE, J.—This is an action on the Landlord and Tenant Act for the rent and possession of a hotel property in the city of Caruthersville. It was originally instituted against C. Campbell and Mary Campbell, husband and wife; but the transcript shows that prior to the trial in the justice's court, plaintiff was permitted to amend the complaint by striking the name of Mary Campbell therefrom, it appearing she had been made a party by mistake. Prior to the amendment C. Campbell had filed an answer in which he pleaded his wife was a necessary party defendant, as she was a party to the lease. The term was to begin July 1, 1905, and the rental was one hundred dollars a month, payable in advance. The action was instituted September 19th for rent for the months of August and September. Defendant vacated the premises about October 15th. In his answer C. Campbell set up that on or about July 15th, plaintiff made a further agreement with him to accept $75 per month in payment for the months of July and August, and denied there was due plaintiff, when the suit was instituted, $200 rent, the amount for which judgment was asked; denied also the rent was to be paid in advance. A counterclaim was asserted, based on the alleged failure of plaintiff to comply with an agreement to build a porch which would protect the building from the sun and rain. The case was appealed to the circuit court, and on the trial there judgment was given for plaintiff against C. Campbell for possession of the property, and against said defendant and his sureties on the bond for appeal from the justice's court, in the sum of $166, the amount of the rent assessed as damages.

Mary Campbell is said to have been a necessary party defendant, because, counsel for defendant say, the premises were leased to Campbell & Co., a firm composed of C. Campbell and Mary Campbell, and the hotel business was afterwards conducted on the premises by

said firm.    It may be the business was conducted by said firm; that is an immaterial fact.    It is material, on the point of necessary parties, to whom the premises were let, and who became the tenant of plaintiff. But as to this issue of fact there was a conflict of testimony.    Plaintiff and other witnesses swore positively the letting was to C. Campbell alone and not to him and his wife, and that the insertion of her name in the complaint filed before the justice was a mistake. Witnesses for defendant testified to the contrary.    No declarations of law were asked by either party, and the finding of the lower court must be taken as decisive.

The point mainly insisted on is that, as the action was instituted September 19th and sought to recover rent for the months of August and September, and also to recover possession of the premises for nonpayment of the rent when due, the action can not be maintained.    The idea is that plaintiff could not forfeit the premises during the month of September and also recover rent for the entire month; and hence the demand for judgment for the whole month's rent must defeat him.    There was testimony to justify the court in finding the rent was payable in advance. The testimony is conflicting on this score.    That for plaintiff went to show the rent originally stipulated was one hundred dollars a month, payable in advance, but plaintiff agreed to accept seventy-five dollars each for the two months of July and August, on account of the extreme dullness of business, if prompt payment was made in advance.    Defendant denied the rent, either as first stipulated or as reduced, was to be paid in advance.    The court must have found in favor of plaintiff on this issue, because the amount of rent for which judgment was given ($166) could not be taken as the true amount owed by defendant, except by finding he owed one hundred dollars for August and about

two-thirds of one hundred dollars up to September 19th.

A dictum in the opinion in Mooers v. Martin, 23 Mo. App. 654, 662, is the basis of the argument that plaintiff must fail because he demanded rent for the whole of September, and also possession of the premises, in an action brought before the rent for the entire month was earned. The substance of the dictum is that it was by no means clear a party could include in a suit for possession of premises, rent due under the contract of letting, but not earned; and that the court knew of no principle on which a landlord could forfeit the term for unearned rent, payable in advance, and at the same time recover the rent. The point in decision in the case, and the only one the court was called on to decide, is that a landlord suing for rent and possession, does not lose his action because he states in his complaint less than the amount of rent actually due and earned and afterwards brings a second suit for additional rent due but not earned when the first suit was filed. In other words, the court held a second suit for the additional rent did not waive the forfeiture of the premises asserted in the first suit. The case was certified to the Supreme Court on this point by a dissenting judge, but the conclusion of the majority was followed by the Supreme Court. [Mooers v. Martin, 99 Mo. 94.] In said cause the plaintiff sued October 21st for unpaid rent for the months of August and September—$100 for each month—and also for possession of the premises. On the same day she filed another suit for the October rent which had accrued, as all rents fell due in advance. The effect of the decisions of the two courts was, that she did not lose her right to maintain the first action by failing to include in it the October rent, which was past due, nor lose her right to have a forfeiture declared therein for non-payment of the rent sued for by suing afterwards for the October rent. The opinion of Judge Lewis, who dissented, was that

the second suit, inasmuch as it demanded rent for the entire month of October, recognized defendant's right to occupy the premises during October, and waived the plaintiff's right to forfeit the premises for nonpayment of the August and September rent.    As said, the Supreme Court decided otherwise.    It will be seen said case is not exactly like the present one, inasmuch as this plaintiff included in his suit brought September 19th, rent for the whole of said month; whereas in Moores v. Martin, the plaintiff only included in her first suit brought October 21st, a demand for the rent of two previous months, and immediately filed another suit, demanding rent for the whole of October.    But it looks like the two cases involve much the same question, to-wit: does a landlord by suing for due but unearned rent, and also for rent both due and earned, waive the right to forfeit the leased premises because of nonpayment of the latter?    The opinion of the majority of this court and the opinion of the Supreme Court, answered said question in the negative in a case where the sums were demanded in separate suits; and, despite Judge Thompson's dictum, we think the principle of the decision covers a case wherein both sums are demanded.    We cannot see that this circumstance ought to alter the rule.

But the dictum ignores controlling statutes.    The Landlord and Tenant Act (section 4131) says whenever rent has become due and payable, and payment has been demanded by the landlord of the lessee and not made, the landlord may begin suit before a justice.    A subsequent section (4133) says, if it shall appear after return of the summons duly executed, that rent which was due had been demanded and payment not made; and if payment of all rent with costs is not tendered at the hearing of the cause, the justice shall render judgment that the landlord recover possession of the premises and the amount of rent due, with costs.    That

statute, in plain terms, gives a landlord the right to sue and recover possession of the premises whenever the rent is due and has been demanded and not paid. It ought not to be weakened in deference to the aversion of the common law to forfeitures. It is neither said nor suggested in the statute, that the right to recover possession shall not obtain if the rent is payable in advance, or that the landlord, in such a contingency, must wait until it is earned before suing for possession. Parties have the right to contract for payment of rent in advance; and when they have done so, and an installment of rent falls due at the beginning of a month, we do not see how the landlord can be denied the right to sue for it and also for possession of the premises, without partly annulling the statute. The tenant has his correlative right; for he may prevent a forfeiture by tendering the rent on the hearing of the cause. In point of fact the court below allowed plaintiff rent for only the portion of September which had expired when the suit was filed. Hence the judgment should not be reversed, unless the bare fact that plaintiff sued for the entire month is fatal to a recovery. Unquestionably he had a right to sue for the entire rent because it was all due on the first of the month; and we find in the statutes not the least ground for the notion that a demand for possession cannot be included in the demand for rent; or for the notion that by suing for unearned but due rent, a landlord concedes the tenant's right to occupy the premises until the rent is earned. The statute allows the landlord two reliefs when the tenant defaults in paying rent; judgment for the amount of the rent, and also judgment for possession of the premises if the rent due is not tendered at the hearing.

The judgment is affirmed. All concur.