MOOERS, *Appellant*, v. MARTIN.

1. **Landlord and Tenant**: FORFEITURE OF PREMISES : AFFIDAVIT. A landlord, in bringing his action by summons for rent due and for the premises, under the statute, must, in his affidavit, state all the rent that is due, but a statement of less than is actually due will not bar his recovery.

2. ———— : SPLITTING DEMANDS. The bringing of a second suit by landlord's summons for additional rent is not a waiver of rent claimed, nor of the forfeiture of the premises asserted in the first suit, but, if the demands sought to be enforced existed when the first suit was begun, that may bar a recovery in the second suit.*

*Certified from St. Louis Court of Appeals on Division of Opinion.*

AFFIRMED.

*Broadhead & Haeussler* and *W. M. Hezel* for appellant.

*L. D. Seward* for respondent.

RAY, C. J.—This case has been transferred to this court from the St. Louis court of appeals, under the provisions of section 6 of the constitutional amendment

---

* These *syllabi* are taken from 23 Mo. App. 654.

adopted in 1884.   The case is reported in 23 Mo. App. 654, where the majority opinion of that court and the dissenting opinion of LEWIS, J., will be found.   These opinions make any further statement of facts by us unnecessary.·

At the time of. the trial there was, we think, under the facts of the case, no question of practical value or importance as to whether plaintiff had waived the defendant's forfeiture of the possession by the institution of the second suit for the October rent, for the reason that defendant had voluntarily restored to plaintiff the possession of the premises before the date of the trial.   The judgment authorized by the statute is for the recovery of the possession, and for the amount of the rent due, with costs.   However actions or questions of this sort may have been anciently regarded, our statute looks both to a recovery of the possession and of the money due as rent, and is as summary as to one as to the other, both being provided for in one and the same judgment.   R. S. 1879, sec. 3100.

Plaintiff, it seems, demanded, on October 20, the rent for October as well as the two preceding months of September and August.   By the terms of the lease the rent became due the first of each month, so that the October rent was past due though not fully earned when demanded.   In the suit in question, however, plaintiff in his affidavit omitted the October rent, and states the amount actually due to be the rent of the two prior months.   There was no question that the rent thus demanded in this action for said two months of August and September was due when suit was brought, and still due and unpaid at the time of trial.

Upon the given facts, we think, the statute and law are to be understood and applied as the same are understood and construed by the majority opinion of the court of appeals, and as there held that the judgment of the circuit court for defendant was erroneous.

A demand and suit for less rent than is due whether in this form of action, or otherwise, ought not, we think, to be held fatal. Its effect upon the residue not claimed is immaterial in this action. It is not necessary to again review the authorities or argue the question *in extenso*, both of which have been done by the court of appeals. The majority opinion of said court is satisfactory to us, and we therefore concur therein, and affirm its judgment. All the judges concur, except BARCLAY, J., absent.