JOHN NEINER *et al.*, Respondents, v. HENRY ALTEMEYER, Appellant.

### St. Louis Court of Appeals, January 5, 1897.

1. **Landlord and Tenant**: LANDLORD'S SUMMONS: JUSTICE'S COURT: JURISDICTION. In a suit by landlord's summons, begun before a justice for recovery of possession of a house and lot and for judgment for arrears of rent, where the defense was that, although the verification of the statement upon which the summons issued was made by the collector of the real estate firm having charge of the property as plaintiff's agent, said collector was not in fact their agent, hence the justice had no jurisdiction,—*Held*, that the court was warranted in finding that the collector was the agent of plaintiffs in making the demand on their behalf for the unpaid rent prior to the institution of the suit, and, as it was admitted, the statement was formally correct, the justice had jurisdiction of the proceeding.

2. ————: ————: ACCEPTANCE OF RENT ACCRUING AFTER INSTITUTION OF SUIT, EFFECT OF: WAIVER. By accepting rent falling due after the institution of such proceeding, plaintiffs were precluded from recovering possession of the premises in question, but they did not thereby waive the right to a judgment for rent due at the time the suit was brought. That right followed from the facts existing at that time, and could not be defeated by any subsequent waiver of an additional remedy.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED; Judge BIGGS concurring; Judge BLAND not sitting.

*Cecil V. Scott* for appellant.

The statement filed must be verified by the affidavit of the landlord or his agent; if not, the justice is

without authority to issue a summons or proceed with the cause. *Jaffray v. Claplin*, 119 Mo. 117; *Whitson's Est.*, 89 *Id.* 58; *Norvell v. Porter*, 62 *Id.* 309; *Huthsing v. Maus*, 36 *Id.* 101; *Lewin v. Dille et al.*, 17 *Id.* 64.

Jurisdiction of the subject-matter can not be conferred by the act or consent of parties, and waiver respecting jurisdiction will not be recognized. *Gusberg v. Schorsenford*, 24 Mo. App. 554; *Collin v. Wilson*, 56 *Id.* 420; *Bray v. Marshall*, 66 Mo. 122; *White v. R'y*, 58 *Id.* 69.

The acceptance by plaintiffs from defendant of the rent for the time intervening between the institution of the suit and the trial in the circuit court, was a waiver of the right of the summary action under the statutes. *Horn v. Peterles*, 16 Mo. App. 438; *Garnhart v. Filley*, 40 *Id.* 449, 460; *Moore v. Martin*, 23 *Id.* 654.

The court had no authority to render judgment for rent in this case, otherwise than as ancillary to a judgment for possession. *Wise v. Loring*, 54 Mo. App. 258, 265.

*James R. Kinealy* for respondents.

Kerstein was the agent of plaintiffs, and the justice had jurisdiction of the case. *Connah v. Hale*, 23 Wend. 462; *Watt v. Potter*, 2 Mason, 77; *Ingalls v. Bulkley*, 15 Ill. 224; Wells on Replev., sec. 38; *Hall v. Jones*, 69 Mo. 587; *Mitchum v. Dunlap*, 98 *Id.* 418; *Payne v. Smith*, 12 N. H. 34; *Whitney Co. v. Burnham*, 48 Mo. App. 340; *State Inv. & Ins. Co. v. Quinlan*, 53 *Id.* 357; *Grady v. Ins. Co.*, 60 Mo. 116; Mech. on Agcy., secs. 193, 151; *Eldredge v. Holway*, 18 Ill. 445; *Roe v. Pierce*, 2 Camp. 96; *Goodlittle v. Woodward*, 3 B. & Ald. 689; *First Nat. Bank v. Gay*, 63 Mo. 39; *Ferris v. Thaw*, 72 *Id.* 450.

The acceptance of the subsequently accrued rent after the institution of this suit did not oust the court

of jurisdiction and deprive the plaintiffs of the right to a judgment for the rent due at the time the suit was brought. *Mooers v. Martin*, 99 Mo. 95; *Same v. Same*, 23 Mo. App. 658.

BOND, J.—This is a landlord's summons brought as prescribed by statute for the restitution of the possession of a house and lot and for a judgment for arrears of rent. The plaintiffs had judgment before the justice, and defendant appealed to the circuit court, where the case was submitted to the court without a jury. The evidence disclosed that the premises sued for had been leased to defendant for a term beginning on the fifteenth of February, 1893, and ending on the fifteenth of August, 1900, at a yearly rental of $1,200, payable monthly in advance; that defendant was in arrears for rent amounting to $453 on the eighth of April, 1895, when the suit was instituted; that the collector for a real estate firm in whose hands the property was placed for management and control by plaintiffs, demanded on behalf of plaintiffs the unpaid rent of defendant, before the bringing of the suit. It was admitted on the trial that since the suit defendant had paid the rent which accrued subsequently to April 15, 1895. There was a judgment in favor of plaintiffs for the amount of rent due at the time of the bringing of the suit, with interest, from which defendant appealed to this court.

It is insisted by defendant that although the verification of the statement upon which the summons issued in this case was made by one Kerstein, the collector of the real estate firm having charge of the property as agent for plaintiffs, that said Kerstein was not in fact the agent of plaintiffs, wherefore the justice acquired no jurisdiction in this case. The rule is elementary

LANDLORD'S summons: justice's court: jurisdiction.

that those functions of an agent which imply trust, confidence, discretion, and personal fitness, can not be delegated to a subagent without the authority of the principal. It is equally well settled that merely ministerial duties, which involve none of these elements, may be delegated to a servant or subagent, who is thereby made the agent of the principal. *Grady v. American Ins. Co.*, 60 Mo. *loc. cit.* 123. In the present case the management of the property in dispute was placed in the hands of a real estate firm by the owner as his general representatives. Such authority would necessarily embrace many duties of skill, trust, and discretion peculiarly within the power of the agents themselves. It would also include many merely ministerial services, which would be wholly impracticable for the general agents to render in person. Falling among the latter is the presentation and collection of rent bills. This service is simple and ministerial. It involves none of the qualities which the general agents may not delegate and falls naturally within the scope of the duties of a collector who is generally employed by real estate agents for that purpose. Our conclusion is that the plaintiff's agent had a right to present a bill on their behalf for the unpaid rent, by the instrumentality of a collector, and in the performance of this duty the collector became *pro hac vice* the agent of the plaintiffs. The record shows that the collector made affidavit to the statement describing himself as the agent of the owner, and that the owners adopted the statement so verified as the basis of this proceeding. We are of opinion that the court was warranted in finding that said collector was the agent of plaintiffs in making the demand on their behalf for the unpaid rent prior to the institution of this suit, and it being conceded that the statement was formally correct, the justice had full jurisdiction of this proceeding.

It is further insisted by defendant that inasmuch as plaintiffs *after* the institution of this suit accepted the rent subsequently accruing from defendant, that no judgment could thereafter be rendered in favor of plaintiffs for the rent in arrears at the time of the bringing of the action. This proposition rests upon a misapprehension of the law governing proceedings for a landlord's summons as set forth in Revised Statutes, 1889, section 6392, *et seq.* These statutes afford the owners of leased premises a double remedy, restitution and judgment for the amount of rent due on the date of the trial. *Mooers v. Martin*, 99 Mo. 94; *Ibid.*, 23 Mo. App. 654. At the time the present proceeding was instituted every element necessary to vest the justice of the peace with jurisdiction was made to appear *prima facie* by the verified statement filed by plaintiffs. At the time of the trial of this cause in the circuit court it appeared in evidence that plaintiffs had accepted the rent accruing after the filing of the suit. By this act they waived the right to recover possession of the premises, but they did not waive the right to a judgment for the unpaid rent which had been demanded when the suit was begun. The dual remedies afforded by the statute are predicated upon the state of facts existing at the time the suit is begun. If this state of facts justifies the bringing of a suit, it at once vests the court with jurisdiction of the subject-matter, which is not ousted by any act of plaintiff done after the suit, whereby he waives or foregoes a right to the full relief provided for in the statutes. Such a waiver on the part of plaintiff does not, as contended by defendant, vest jurisdiction of the subject-matter by consent. This can never be done. The only effect of such an act is to forego or waive the full extent of the recovery to which he would have been entitled, in the absence of

*Margin note: LANDLORD'S summons: acceptance of rent accruing after institution of suit, effect of: waiver.*

such waiver, where jurisdiction of the subject-matter had been validly acquired when the suit was brought. It would hardly be contended by the learned counsel for defendant that it would not have been competent in the present action for plaintiffs, if they had not accepted the rent accruing after suit brought, to have waived in open court a judgment for restitution of the premises and to have taken a judgment for the entire rent due and unpaid at the time of the trial, or only so much as was due at the time the suit was brought. The legal effect of the course shown to have been taken by them, under the evidence in this case, is the same as in the case supposed in the last alternative. By accepting rent falling due after suit, plaintiffs merely waived a right to retake the premises; they did not waive the right to recover a judgment for the rent due at the time of the bringing of the suit. The right to that remedy flowed from the state of facts existing when the suit was brought, and could not be defeated by a subsequent waiver of an additional remedy. For these reasons the errors assigned by defendant are not well taken, and the judgment in this case will be affirmed.

Judge BIGGS concurs; Judge BLAND not sitting.