STATE OF MISSOURI, EX REL. JOHN J. WHALEY, RELATOR, v. HONORABLE E. E. PORTERFIELD, JUDGE CIRCUIT COURT, JACKSON COUNTY, MISSOURI, RESPONDENT.*

Kansas City Court of Appeals. May 24, 1926.

*Corpus Juris Cyc References: Justices of the Peace, 35CJ, p. 516, n. 28; p. 521, n. 9; p. 524, n. 47; p. 546, n. 6; p. 721, n. 43.

*James I. Wagner* and *Oscar B. Elam* for relator.

*A. P. Leacy* and *H. G. Pope* for respondent.

BLAND, J.—This is an original proceeding in prohibition wherein the relator seeks to prohibit the Hon. E. E. Porterfield, one of the judges of the circuit court of Jackson county, Missouri, from taking further cognizance of the case of Merchants Bank v. Whaley, therein pending. A preliminary writ was issued and the case now comes upon the question of making it permanent.

The facts show that the Merchants Bank on October 13, 1923, instituted a suit in the justice court of Jackson county, Missouri, against the relator by filing a statement therein in two counts in which it was alleged that defendant had executed two promissory notes to the Fairyland Park Amusement Company in the sum of $250 each, one note bearing interest at the rate of six per cent per annum and providing for attorney's fee of ten per cent should the note be placed in the hands of an attorney for collection, and the other bearing interest at the rate of eight per cent per annum without the clause of ten per cent for attorney's fee. The statement further alleged that these notes had been transferred before maturity to plaintiff; that although they were due and demand for their payment had been made, defendant had refused to pay the same. Judgment was prayed for in the total sum of $500 together with interest and costs and ten per cent attorney's fee on the note providing for the same. A judgment was entered in favor of plaintiff and in due time defendant appealed to the circuit court.

The transcript of the justice reads as follows:

"Transcript of Judgment.

"The Merchants Bank, A corporation, Plaintiff, v. John J. Whaley, Defendant, Before M. H. Joyce, Justice of the Peace, 1st District, Kaw Township, Jackson County, Missouri, Note & Attys. fees $550.

"On the 13th day of October, 1923, comes Plaintiff and files in the sum of $550 dollars Summons Dollars, issued and delivered to Wm. Mobley, a Constable of Kaw Township, Jackson County, Missouri, returnable on the 29th day of October, 1923, at 11 o'clock A. M. On the 16th day of October, 1923, said Constable returns the said Summons served in Kaw Township, by delivering a copy of the same to the within named defendant John J. Whaley,

"October 29, 1923, cause continued to November 5, 1923.

"Continued to November 12, 1923.

"November 12, defendant files motion to dismiss for the reason plaintiff demand exceeds jurisdiction. Cause continued to November 20, 1923, by agreement.

"November 20, 1923, plaintiff renounces the attorney fees in this cause and defendant withdraws his motion to dismiss.

"November 20, 1923, cause coming on to be heard comes plaintiff and defendant being called comes not but makes default evidence of plaintiff produced cause submitted to justice who finds for plaintiff for the sum of $500, principal and interest $16 dollars, a total of $516 dollars.

"It is therefore considered and *and* adjudged by the justice that the plaintiff do have and recover of and from the defendant the said sum of $516 dollars together with costs herein expended and execution issue therefor.

"M. H. Joyce, J. P."

After the cause reached the circuit court defendant therein filed several motions; one to strike the petition from the files because the same was unnecessary, another to dismiss because the notes sued on had not been filed; and another to require plaintiff to file the notes. Defendant also filed therein an answer pleading to the merits. The notes were never filed in the justice court but were filed in the circuit court. In the circuit court plaintiff was given permission to amend the statement by adding the name of the Fairyland Amusement Company, a corporation, as party plaintiff. The statement was at no time amended to bring the cause within the pecuniary jurisdiction of the justice nor was any credit ever given on either note for this purpose.

Relator insisted that the justice of the peace had no jurisdiction to try the cause for the reason, among others, that the statement discloses a cause of action in excess of the pecuniary jurisdiction of a justice of the peace. Section 2923, Revised Statutes 1919, gives justices of the peace of Jackson county jurisdiction over suits of this nature where the sum demanded, exclusive of interest and costs, does not exceed $500. There is no question but that the demand sued for was $525 as the attorney's fees was neither interest or any part of the costs of the suit and therefore must be considered as a part of the de-

mand in determining the question of jurisdiction. [Bay v. Trusdell, 92 Mo. App. 377; St. Louis v. Meintz, 107 Mo. 611, 615.]

However, respondent contends that the justice had jurisdiction for the reason that plaintiff in the justice court remitted the amount of the attorney's fee, making the sum asked for $500. There is no question but that one may give a voluntary credit upon the instrument or account sued upon, or may amend the statement of his cause of action reducing his claim to an amount within the jurisdiction of a justice, thereby giving jurisdiction to the latter, but it has been ruled that jurisdiction cannot be conferred in the manner that plaintiff in the justice court sought to confer jurisdiction upon the justice. This whole case is ruled against respondent in the case of Trapp v. Mersman, 183 Mo. App. 512. It was there held to the effect that the instrument or account must be credited with the amount necessary to give the justice court jurisdiction or, in the absence of the filing of the instrument or account, the statement filed must be amended so as to reduce plaintiff's claim to the amount within the jurisdiction of the justice and that a recital in the transcript, such as appears in the transcript in the case at bar, purporting to recite that plaintiff renounces the attorney's fee, cannot be considered. It is quite apparent that the justice of the peace had no jurisdiction over the subject-matter and that the circuit court acquired none on appeal.

However, respondent contends that—

"Defendant consented to the jurisdiction of said justice court to try said cause, after filing his motion to dismiss because of the claim that the amount prayed for was in excess of $500, and after plaintiff had reduced said amount to $500 by waiving attorneys fees provided in one of said notes when he withdrew said motion. . . .

"Defendant (plaintiff herein) further waived the question of jurisdiction in the circuit court by filing various motions going to the merits of the case, and an answer to plaintiff's petition in said cause in said circuit court."

There is no merit in this contention. Jurisdiction over the subject-matter cannot be waived. [Vance v. McHugh, 187 Mo. App. 708; Rogers v. Davis, 194 Mo. App. 378, 387.] Section 2844, Revised Statutes 1919, is called to our attention, but it is quite evident that this statute has no application to the facts in the case at bar.

The preliminary writ is made permanent. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.