**STATE of Missouri ex rel. Bernice L. HANNON, Relator, Plaintiff-Respondent,**

**v.**

**Honorable William H. CRANDALL, Jr., Judge of the St. Louis County Magistrate Court, Eighth District, Respondent, Defendant-Appellant.**

**No. 33187.**

St. Louis Court of Appeals.

Missouri.

Feb. 18, 1969.

Kroening & Kelly, Gordon F. Webb, Clayton, for appellant.

Donald F. Flint, Arthur L. Swinnerton, Clayton, for respondent.

TOWNSEND, Commissioner.

This is an appeal from a Peremptory Writ of Mandamus issued by the Circuit Court of St. Louis County directing the Respondent Magistrate (Appellant herein) to set aside and hold for naught a judgment against Relator Hannon (Respondent herein) previously obtained in the court of Respondent.

Plaintiffs Cox and American National Insurance Company brought their action in the Magistrate Court against Bernice L. Hannon and one Sam Hanks. Summons was issued for Hannon returnable on September 7, 1967. The writ of summons was returned, duly executed by personal service, on August 10, 1967. Thereafter a summons was issued by the Magistrate Court for Sam Hanks, co-defendant, allegedly a resident of Pike County, Missouri, returnable on September 7, 1967. This writ of summons was returned non est by the Sheriff of Pike County on September 20, 1967. On September 7 neither defendant appeared in person or by attorney; a motion for continuance by the plaintiffs was sustained and the cause was continued to October 19, 1967.

On October 19, 1967, neither defendant appeared in person or by attorney; motion for continuance by the plaintiffs was sustained and the case was continued to November 16, 1967. On October 19, 1967, by memorandum attorney Flint entered his appearance as attorney for defendant Hannon.

The Magistrate Court file shows that the case was continued by consent of the parties on November 16, 1967 to November 30, 1967. Counsel for the parties here involved agree that the case was not continued by consent on November 16, 1967 but was continued on the plaintiffs' motion for continuance.

Plaintiffs dismissed without prejudice their cause of action against Sam Hanks on November 30, 1967 and on that date took judgment by default against defendant Hannon. Hannon filed a memorandum in the Magistrate Court requesting that the Court set aside its judgment against her on the ground that the Court had no jurisdiction to enter such judgment, which motion was overruled.

Hannon filed her petition for a writ of mandamus in the Circuit Court of St. Louis County on the ground that under Section 517.580 RSMo 1959, V.A.M.S., the Magistrate had lost jurisdiction of the cause. The alternative writ of mandamus was issued January 17, 1968 and after a hearing on January 25, 1968 the alternative writ was made absolute, directing the respondent Magistrate to set aside and hold for naught the judgment entered in the Magistrate Court on November 30, 1967.

The subject of continuances in the Magistrate Court is dealt with in part by Section 517.580 RSMo 1959, V.A.M.S., which provides:

"The trial may be continued upon the application of either party, for good cause shown, to a day certain, not exceeding twenty days from the return day of the writ; provided, that the magistrate may continue the cause for a longer time whenever he shall be satisfied that it is necessary to do so, to enable the party to obtain testimony, or when both parties consent to such continuance. Every such continuance

shall be at the cost of the party applying therefor, unless otherwise ordered by the magistrate."

In the endeavor to make out a case in Mandamus the Relator Hannon relies upon the fundament that Magistrate Courts are courts of limited jurisdiction and that as such "They possess only those powers expressly granted by statute" and that "No presumption or inference may be invoked to enlarge this jurisdiction, and they cannot take powers by implication". State v. Anderson, Mo., 413 S.W.2d 161, 162. Therefore, says Relator, a magistrate court has no power to grant a continuance for a period in excess of that authorized by the above cited Section 517.580; the conclusion is that, in attempting to continue for a longer period, the magistrate court loses jurisdiction of the cause. Respondent Magistrate maintains that Section 517.580 itself eliminates the twenty-day limitation under any of the conditions specified in the proviso and in fact grants power to the magistrate to continue for more than twenty days from the return day of the writ if any of those conditions exist. Such Respondent says that such conditions are three in number [1]: whenever the magistrate (1) "shall be satisfied that it [continuance] is necessary to do so, (2) to enable the party to obtain testimony, or (3) when both parties consent to such continuance." Taking that interpretation at face value for the moment, we do not find that this Respondent has articulated any argument that the first continuance granted was based on the presence either of condition (1) or of condition (2) as set forth by Respondent.[2] And as to such matters the record is barren. All that we know is that the Magistrate's continuance from September 7 to October 19 was responsive to plaintiffs' motion for continuance. Hence it cannot be said that here the first

continuance was sanctioned by the proviso. It is necessary to emphasize that the powers conferred on the Magistrate, *under the terms of the proviso*, are all powers that can actually exist only if one of the conditions specified in the provision is found to be present. Under the terms of the proviso there is no power to grant a continuance if the condition is not shown to exist. See State ex rel. Modern Finance Co. v. Bledsoe, Mo.App., 426 S.W.2d 737. The situation is not one where a general power is conferred subject to being extinguished upon the happening of a particular event. The very existence of any power under the proviso is dependent in the first instance upon a named condition being present. Here there is no showing that either of the specified conditions was present. Nothing of significance having occurred in the forty-three day period—September 7 to October 19—certainly the magistrate had lost jurisdiction by October 19 at the latest.

In Lawyers Co-op. Pub. Co. v. Sleater, Mo.App., 130 S.W.2d 192, 194, this Court said: "None of these [Missouri statutory] sections authorizes an indefinite continuance, and we see no reason why the general rule that an indefinite continuance ousts the justice of jurisdiction should not apply here * * *." We see no reason why a continuance entirely unauthorized by statute should have any less effect in ousting the Magistrate's jurisdiction than does an indefinite continuance. There is no difference in kind between a purported continuance (indefinite continuance) which is a nullity as far as continuance is concerned and a purported continuance for which there is no authority whatever.

Assuming that the Magistrate had lost jurisdiction by October 19, the Magistrate Respondent counters that the Flint entry of appearance on the latter date

---

1. We do not accept without question that Respondent's contention that the grammar and punctuation of the proviso show a legislative intent to enable a magistrate to continue a cause in excess of twenty days "for any one of three separate and

distinct reasons". Perhaps the proviso embodies only two conditions.

2. On September 7, neither defendant appeared and there was of course no continuance by consent.

amounted to a waiver of the lack of jurisdiction. We do not agree with the latter proposition. To attempt to reinstate the original jurisdiction over the subject matter by the purported exercise of a non-existent power is utterly ineffective. Defendant's consent that the lower court try the case does not create the power to do so. Even the filing of pleadings and motions at the trial does not so operate. "Jurisdiction over the subject-matter cannot be waived. Vance v. McHugh, 187 Mo.App. 708, 173 S. W. 80; Rogers v. Davis, 194 Mo.App. 378, 184 S.W. 151." State ex rel. Wholey v. Porterfield, 221 Mo.App. 666, 283 S.W. 459. Respondent's cited cases refer only to the problem of waiver of jurisdiction in personam.

The appellant herein places his final reliance upon Section 517.230, V.A.M.S., which provides:

"1. When there are several defendants in a writ, and some of them are served with process in time, and others are not served, or not served in time, the plaintiff may direct the magistrate either to discontinue as to all not served, and not served in due time, and proceed against those that are bound to appear or he may continue the suit until another day and take new process against those that are not served or not served in time."

Appellant maintains that since this section contains no limitation as to the length of time of a continuance and since Hanks was never served, this section was applicable to the original case before the Magistrate. The position so taken ignores the fact that the operation of the section is confined wholly to a situation where "there are several defendants in a writ". Here the scene discloses a plurality of writs—one directed to Relator under date of August 8, 1967 and the other to defendant Hanks under date of August 10, 1967. We do not find Section 517.230 relevant.

Judgment affirmed.

PER CURIAM:

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

RUDDY, P. J., and WOLFE, J., concur.