**STATE of Missouri ex rel. Paul M. SALTER, Relator-Respondent,**

v.

**Honorable John BARRY, Respondent-Appellant.**

No. 34412.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 10, 1972.

Maniscalco, Clancy, Pittman & Bagot, Clayton, for respondent-appellant.

Ronald A. Brown, David Freyman, St. Louis, for relator-respondent.

SIMEONE, Judge.

This is an appeal from a peremptory writ of mandamus issued by the Circuit Court of the City of St. Louis directing the respondent-magistrate (appellant herein) to set aside and vacate a judgment the magistrate rendered on February 22, 1971, in favor of one Catherine LeGrande and against the relator, Paul M. Salter (defendant in the Magistrate Court) in the sum of $347.17 and costs. The issue raised on this appeal, surprisingly has not, during the long history of justice and magistrate courts, been heretofore determined. The issue presented is whether under Missouri statutes, a magistrate has the power to continue, on his own motion, a cause for a

reasonable period of time exceeding twenty days so that a judgment rendered after such twenty-day period is valid. Or, put in a different way, does a magistrate lose jurisdiction over the subject matter if a cause is continued on his own motion for a reasonable period exceeding twenty days? We hold that under the applicable Missouri law, discussed *infra,* that a magistrate has such power to continue the cause for a reasonable period to a day certain. We therefore reverse the order of the Circuit Court granting the peremptory writ.

The facts which give rise to this proceeding are not voluminous nor complex. Catherine LeGrande brought an action for automobile property damage against relator, Paul M. Salter (hereinafter Salter), Cause No. 15468–F in the Magistrate Court of the City of St. Louis. Service of process was obtained and the case was returnable December 14, 1970. The docket book of the Magistrate Court of the City of St. Louis, page dated December 14, 1970, shows the following:

"Number of Case on Docket—45"; "Number of Case—15468–F"; "Catherine LeGrand (sic)" v. "Paul M. Salter"; "Continued by Court to January 11."

Other continuances were granted on application until February 22, 1971, when a judgment in the amount of $347.17 and costs was entered by the magistrate.

On March 8, 1971, relator filed a motion to set the judgment aside which was denied on April 19, 1971. Then on July 22, 1971, relator filed his petition in the Circuit Court for a writ of mandamus complaining in effect that the judgment entered by the respondent-appellant was null and void because the continuance granted from December 14, 1970, to January 11, 1971, exceeded a period of twenty days in violation of Section 517.580.[1] An alternative writ was issued. The respondent's return raised the issue that the continuance was not one granted on application of the parties but

was entered and granted by the Court under the authority of Section 517.570. Hearing was held on the issues on October 14, 1971, and on October 22, 1971, the Circuit Court of the City of St. Louis made the alternative writ permanent and commanded the respondent to set aside and vacate the judgment rendered on February 22, 1971. This appeal of the respondent-magistrate followed.

The appellant urges that the continuance complained of was one granted by the magistrate under the authority of Section 517.570 and not 517.580, and thus the magistrate did not lose jurisdiction of the cause. The relator-respondent, on the other hand, contends that the magistrate did lose jurisdiction because "the continuance complained of in this case was a continuance in excess of twenty (20) days, in violation of Section 517.580 . . . and contrary to" State ex rel. Hannon v. Crandall, Mo.App., 438 S.W.2d 297. Respondent on this appeal also urges that "it is clear that the Magistrate's power to continue a cause is limited directly by Section 517.580."

It has been repeatedly held that "Magistrate courts are courts of limited jurisdiction. They possess only those powers expressly granted by statute. No presumption or inference may be invoked to enlarge this jurisdiction, and they cannot take powers by implication." State v. Anderson, Mo., 413 S.W.2d 161 [2, 3]. We must, therefore, look to the specific provisions of the statutes to determine whether the action of the magistrate on December 14, 1970, fell within the power expressly granted.

Section 517.570 provides:

"Upon the return day, if a jury be required or if the magistrate be actually engaged in other official business or in any case when it shall be necessary, the magistrate may continue the trial to another day without the consent of either party."

1. All statutory references are to RSMo, 1969, V.A.M.S., unless otherwise stated.

And Section 517.580 provides:

"The trial may be continued upon the application of either party, for good cause shown, to a day certain, not exceeding twenty days from the return day of the writ; provided, that the magistrate may continue the cause for a longer time whenever he shall be satisfied that it is necessary to do so, to enable the party to obtain testimony, or when both parties consent to such continuance. Every such continuance shall be at the cost of the party applying therefor, unless otherwise ordered by the magistrate."

These statutes have been in existence in basically the same form even before Missouri obtained Statehood.[2] For a long period of time these statutes were separate and distinct and complemented each other. An examination of the history of these two sections clearly shows that two different and separate situations were contemplated: (1) a continuance, for certain specified reasons by the magistrate, which could exceed a reasonable time beyond twenty days, and (2) a continuance on the application of a party for a period not to exceed twenty days unless certain exceptions mentioned in the statute were present.

Section 517.570 provides that a magistrate may continue the cause (1) if a jury be required, (2) if the magistrate be actually engaged in other official business, or (3) in any case when it shall be "necessary". No mention is made of a twenty-day limitation, as specified in Section 517.-580. Section 517.570 gives the power to the magistrate to continue a cause for a reasonable period of time to a date certain when he, on his own motion, finds one or more of the conditions specified.

Section 517.580 on the other hand deals with a continuance on the application of either party. On such application the magistrate is precluded from continuing the cause for a longer period than twenty days unless one of the exceptions is shown.

 The magistrate has no power to continue an action "indefinitely". In such instance "he loses jurisdiction of the action." Lawyers Co-Operative Pub. Co. v. Sleater, Mo.App., 130 S.W.2d 192, 194. He must continue to a certain time. Bowen v. Mossman, 240 Mo.App. 1202, 226 S.W.2d 404.

Relator Salter relies on the recent decision of State ex rel. Hannon v. Crandall, *supra*. In that case, decided by this Court, a motion for continuance was made by the plaintiffs to continue the cause from September 7, 1967. The motion was sustained and the cause was continued to October 19, 1967. This Court held that Section 517.580 does not confer a general power of continuance and that the magistrate, in continuing the cause for a period exceeding twenty days on the plaintiff's motion, lost jurisdiction when there was no showing that any of the statutory exceptions were present.

That decision is not controlling in this proceeding. There the application was

2. See 1 Terr.Laws of Mo. (1804–1824), p. 22, sec. 6 and p. 310, sec. 12; 1 Rev.Laws of Mo.1825, pp. 476–477, sec. 13; Rev. Stat.1835, p. 355, sec. 16, 17; Rev.Stat. 1845, p. 645, sec. 20, 21; Rev.Stat. 1855, p. 943, sec. 24, 25; 2 Wagner's Mo.Stat.1872, p. 824, sec. 24, 25; 1 Rev. Stat.1879, sec. 2957, 2958; 2 Rev.Stat. 1889, sec. 6245, 6246; 1 Rev.Stat.1899, sec. 3977, 3978; 2 Rev.Stat.1909, sec. 7486, 7487; Rev.Stat.1919, sec. 2809, 2810; 1 Rev.Stat.1939, sec. 2645, 2646. Since 1879, the Revisor denominated the two sections as "Justice May Continue Cause On His Own Motion, When" and "May Be Continued By Either Party, When—To What Time . . ." While the headnote of the Revisor is not a part of the statute, it is some evidence that the two sections relate to different matters. For some period in our history, the justice of the peace was prohibited from continuing the cause for a period not exceeding one month. That was later changed, however, and the two statutes have remained unchanged for almost a century.
See also 1 Limbaugh, Mo.Practice, p. 175, sec. 120.

made by a party. In the instant case the docket of the Magistrate Court shows Cause No. 15468–F was continued by the Court to January 11th.

That there is a distinct need for the two separate provisions of the law (Sections 517.570 and 517.580) can readily be demonstrated. A magistrate should have the flexibility [3] to continue a cause on his own motion for a reasonable period of time beyond twenty days if a jury is required or if he is engaged in other official judicial business, or for a myriad of other reasons which may be deemed by the magistrate to be necessary. To rule otherwise would mean that whenever a magistrate, on his own motion, reschedules a cause for a reasonable period exceeding twenty days, no matter how serious the reason, he irrevocably loses jurisdiction of the subject matter. The purpose of Section 517.580, on the other hand, is to preclude the parties from constantly continuing the cause, thus frustrating the purpose of the Court to dispose of the cause promptly.

■ Furthermore, we believe that these two sections are in harmony with each other and should be construed together. It is a general principle of statutory construction that statutes in *pari materia* must be construed together in order to keep the provisions of the law on the same subject in harmony and that where two or more provisions relate to the same subject matter, they should be construed so as to give effect to both. State ex rel. R. Newton McDowell, Inc., v. Smith, 334 Mo. 653, 67 S.W.2d 50; In re McArthur's Estate, 240 Mo.App. 435, 207 S.W.2d 546, and 50 Am.Jur., Statutes, sec. 349.

In the instant case the docket entry clearly shows that on December 14, 1970, the cause was continued by the Court,[4] hence Section 517.570 is applicable and not Section 517.580.

■ Therefore, from the history of the statutory provisions, the principles of statutory construction, and reason, we believe that these sections are wholly separate and independent, and were designed for different purposes and concerns.

The order issuing the peremptory writ of mandamus is reversed.

DOWD, P. J., and SMITH and KELLY, JJ., concur.

---

3. It has been urged that the Magistrate Courts in this modern era be given flexibility and appellate courts should not "restrict" them. See Wiesman, Eight Days to Oblivion . . . A Precedent, 26 J. Mo.Bar. 516

4. The magistrate should indicate the reason for the continuance on one of the grounds specified in Section 517.570. We do not believe the failure to do so in this particular case was jurisdictional.