G. H. KURSAR, D. O., INC., a
Professional Corporation,
Appellant-Respondent,

v.

Alfred J. FLEISCHER,
Respondent-Appellant,

v.

MARK TWAIN NORTHLAND
BANK, Defendant.

Nos. 41885, 41909.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 15, 1980.

Francis X. Duda, St. Louis, for plaintiff-appellant.

Leo V. Garvin, Jr., Clayton, for defendant-appellant.

REINHARD, Judge.

Appeal by both parties from a decision of the St. Louis Circuit Court in a suit to set aside a judgment entered in magistrate court. The circuit court set aside a part of the judgment but let the rest of the judgment stand.

In May of 1978, Fleischer (hereinafter referred to as "lessor") filed a petition in magistrate court against G. H. Kursar, D.O., Inc. (hereinafter referred to as "lessee"). The petition alleged that "on or about May 26, 1975 defendant [lessee] leased certain building space from plaintiff [lessor]; said lease was amended by adden-

dum on or about May 26, 1975. Attached hereto and made a part hereof is said lease and addendum . . . ." The petition further alleged that lessee had breached the lease in three respects: (1) by failing to pay rent in July of 1976, (2) by failing to pay excise taxes for 1976 and 1977, and (3) by failing to pay the cost of unspecified leasehold improvements made by lessor.

Lessee was served with the magistrate court summons which indicated that the return date was June 9, 1978. On June 6, lessee's counsel filed an answer in the suit denying all the allegations made in the petition, except those regarding lessee's corporate status; however, he made no request for a continuance. On June 9, lessee did not appear in magistrate court, either personally or through counsel. Lessor did appear, and the magistrate entered a "default judgment" against lessee for the full amount prayed for. On July 30, eleven days after the time had passed for direct appeal of the magistrate court judgment under section 512.190, RSMo 1969, lessee's counsel learned of the entry of the judgment. Lessee's subsequent motion to set aside the judgment was denied by the magistrate.

Lessee thereafter filed a petition in circuit court to set aside the magistrate court judgment. After hearing the matter, the court set aside the portion of the judgment regarding the leasehold improvements (which the addendum to the lease dealt with [1]), but let stand the remainder of the judgment. Both parties then appealed to this court.

On appeal, lessee contends that the entire magistrate court judgment should have been set aside because (1) lessee was not in default when the "default judgment" was entered, and (2) the magistrate court did not have jurisdiction over the case because the instrument being sued on was not before the magistrate. Lessor contends that none of the magistrate court judgment should have been set aside because lessee's appeal was a "collateral" attack on the judgment and therefore improper.

■ We turn first to lessee's arguments. Lessee contends that the entry of a default judgment was improper because there was no default. In circuit courts, interlocutory judgments on default are ordinarily made for failure to file an answer, Rule 74.045; to grant one after an answer had been filed would usually be improper. *Meyerhardt v. Fredman*, 131 S.W.2d 916 (Mo.App.1939); *Armstrong v. Elrick*, 177 Mo.App. 640, 160 S.W. 1019 (1913). Lessee contends that, because he had filed an answer in magistrate court prior to the return date, he was not in default, and the granting of a default judgment therefore was improper.[2]

■ We believe that lessee overlooks the difference between magistrate and circuit court procedures. In circuit court, an answer must be filed, while in magistrate court, formal pleadings are not required, section 517.050, RSMo 1969. Therefore, in magistrate court, the filing of an answer has no effect on the trial date because the trial date is already set as the date named in the summons. Section 517.610, RSMo 1969 provides that "every suit shall be tried on the day named in the process, when the same has been duly served or on the day to which it shall have been adjourned, unless it be continued or otherwise disposed of by the magistrate." The magistrate court is a

---

1. The addendum provided:

   That upon execution of this Lease, G. H. Kursar, D.O., Inc., Lessee, has paid $3,154 for extra items on said leasehold premises and Lessor hereby accepts said payment in full and complete satisfaction of all leasehold improvement costs, expenses and extras of any nature and Lessor does warrant that Lessee has made full and complete payment for all leasehold expenses other than the rental which Lessee will pay pursuant to the terms of this Agreement of Lease. If Lessee re-

   quests alternative or extra items subsequent to the date of this Agreement of Lease, Lessee must make arrangements with Lessor for payment thereof.

2. Lessee further contends that there was no default because lessor amended his petition on the return date without notice to lessee. This amendment was merely a minor technical change in the style of the case, and did not affect the substantive rights of lessee or allege any new claim against lessee.

court of limited jurisdiction and a continuance of the case to a date not certain would deprive the magistrate of his jurisdiction. *State ex rel. Salter v. Barry*, 486 S.W.2d 47 (Mo.App.1972).

■ Although the magistrate court judgment is termed by the statute a "judgment . . . by default," we do not believe the judgment was a default judgment as that term is used in the circuit courts. The judgment was not analogous to one entered simply for failure to answer, for no answer was required here. Rather, the analogy is to a circuit court case in which the pleadings are filed, the issues are made up, the case comes on for trial, defendant fails to appear, plaintiff presents evidence, and the court enters judgment for the plaintiff. A long line of Missouri cases have held that such judgments are judgments on the merits, not default judgments. *Donnell v. Vigus Quarries, Inc.*, 457 S.W.2d 249 (Mo.App. 1970); *State ex rel. Jones v. Reagan*, 382 S.W.2d 426 (Mo.App.1964); *Meyerhardt v. Fredman*, 131 S.W.2d 916 (Mo.App.1939); *National City Bank v. Pattiz*, 26 S.W.2d 815 (Mo.App.1930); *Schopp v. Continental Underwriters' Co.*, 284 S.W. 808 (Mo.App.1926). For an excellent discussion of the various types of judgments referred to in Missouri as "default judgments," see *Caldwell Paint Mfg. Co. v. LeBeau*, 591 S.W.2d 1, 4–5 (Mo. App.1979).

■ Lessee's second contention involves the fact that the addendum to the lease was not attached to the petition with the rest of the lease nor filed with the court before judgment.[3] Lessee therefore argues that the document being sued on was not before the magistrate court, and that the court did not have jurisdiction to enter judgment against lessee. This argument is based in part upon section 517.050, RSMo 1969 which states: [B]efore any process shall issue in any such [magistrate court] suit, the plaintiff shall file with the clerk of the magistrate court the instrument sued on, or a verified copy thereof, or a statement of the account, or of facts constituting the claim upon which the suit is founded

. . . ." Thus, for the magistrate to have jurisdiction over the case, one of these documents must be filed with the court. It is when none of these alternatives are complied with that the court does not acquire jurisdiction, *Pfitzinger v. Johnson*, 177 S.W.2d 713 (Mo.App.1944). The failure to file the actual instrument sued upon is not a defect if a sufficient statement of account or of facts constituting the claim is filed, *Johnson v. Kramer*, 276 S.W.2d 628 (Mo. App.1955).

■ Here, however, the instrument which the first two claims were based on (the lease) was attached to the petition. We believe that this was sufficient to give the court jurisdiction at least as to these two claims, dealing with the rent and taxes. The third claim, involving leasehold improvements, is a different matter. The only lease provisions dealing with the leasehold improvements, as far as remuneration is concerned, are contained in the addendum, which was not submitted with the petition nor filed with the magistrate court. We have examined the brief statement of facts in lessor's magistrate court petition, and conclude that it is not sufficiently specific to comply with section 517.050, RSMo 1969. *State ex rel. Alisky v. Bird*, 63 S.W.2d 817 (Mo.App.1933). Therefore, we must conclude that the magistrate never acquired jurisdiction to enter a judgment as to the leasehold improvements.

We may apply similar reasoning to section 517.460, RSMo 1969 which provides that:

When a defendant who has been duly served with process, or when a defendant who has once appeared to the suit, the trial of which has been adjourned, shall neglect to appear according to the process or at the adjourned time, the magistrate shall proceed in the cause in the following manner:

(1) If the suit be founded upon an instrument of writing, which, or a verified copy of which, has been filed with the magistrate at the commencement of the action,

---

**3.** Admitted by both parties in their statements of fact.

and purporting to have been executed by the other party, and the demand of the plaintiff is liquidated by such instrument, the magistrate shall, whether the plaintiff appear or not, render judgment with costs against the defendant by default, for the amount which shall appear by such instrument to be due to the plaintiff, after allowing the proper discounts for all the payments endorsed thereon;

. . . . . .

Here again, we believe that the filing of the main body of the lease allowed the magistrate to properly enter judgment on the claims for rent and taxes, but that the absence of the addendum made it error for the magistrate to enter judgment on the leasehold improvement claim, because without the addendum, there was no instrument of writing to enter judgment on regarding this portion of lessor's claim. Thus, we believe that the circuit court properly set aside this part of the judgment.

 We turn now to lessor's contention that the circuit court erred in setting aside that part of the judgment dealing with leasehold improvements. Lessor first argues that lessee's appeal to the circuit court was an impermissible attempt to collaterally attack the judgment of the magistrate on the basis of mere procedural irregularities. We find this argument to be without merit because lessee's purpose was clearly to have the magistrate court judgment set aside entirely as invalid. It is well established that a "direct attack is one the sole object of which is to deny and disprove the apparent validity of the judgment . . . .", *Jefferson City Bridge & Transit Co. v. Blaser*, 318 Mo. 373, 377, 300 S.W. 778, 780 (1927), while a "collateral attack is an attempt to impeach a judgment . . . in a proceeding not instituted for the express purpose of annulling the judgment," *State ex rel. Van Hafften v. Ellison*, 285 Mo. 301, 314, 226 S.W. 559, 563 (banc 1920). *Accord, Contrare v. Cirese*, 336 S.W.2d 485, 489 (Mo. 1960). Thus, we do not believe that lessee's suit to set aside the magistrate court judgment amounted to an improper collateral attack.

Lessor also argues that the circuit court erred in setting aside the leasehold improvement part of the judgment because Dr. Kursar testified that some minor leasehold improvements might not have been paid for. This argument is refuted by the addendum itself which explicitly recites "payment in full and complete satisfaction of all leasehold improvement costs." If improvements not covered by this addendum were in issue, then they should have been alleged and proved. We conclude that lessor simply did not file documents or plead facts sufficient to give the magistrate jurisdiction over the leasehold improvement claim.

Finding no error in the circuit court's action, we hereby affirm.

DOWD, P. J., and CRIST, J., concur.