**Mr. & Mrs. Joseph GAINES, Plaintiffs-Respondents,**

v.

**Paul E. and Joan D. CORNING, Defendants-Appellants.**

**No. 47059.**

Missouri Court of Appeals, Eastern District, Division Four.

June 19, 1984.

Paul E. Corning, pro se.

Thomas C. Mummert, III, St. Louis, for plaintiffs-respondents.

SMITH, Judge.

Defendants appeal from a judgment against them for rent and possession. The action was brought under the provisions of Chapter 535 RSMo 1978 and was tried to the court. We affirm.

■ Defendants' first challenge is to the jurisdiction of the court. This contention is based upon the action of the associate circuit court in initially continuing the case to a date certain, January 13, 1983, and subsequently setting the case for trial at an earlier date, December 28, 1982. The case was eventually tried on January 7, 1983, before the associate circuit court, and again on February 10, 1983 on defendants' appeal for trial *de novo* before an associate circuit judge sitting by designation as a circuit judge. Defendants rely upon *State ex rel. Hannon v. Crandall,* 438 S.W.2d 297 (Mo.App.1969) and *Lawyers Cooperative Pub. Co. v. Sleater,* 130 S.W.2d 192 (Mo.App.1939) as establishing that the court lost jurisdiction when it reset the trial date from January 13 to December 28. Both of those cases arose under prior statutory enactments not in effect at the time of this case and both involved a situation in which the magistrate continued the proceedings beyond the time provided by statute. Secs. 517.570, 517.580, and 517.610 RSMo 1978 do not expressly or by implication deny the associate court the authority to reset a case to a different day than that for which it was originally scheduled. Defendants raise no claim of lack of notice or prejudice from the resetting. We find no loss of jurisdiction arising from the actions of the associate circuit court.

■ Defendants next claim that the evidence did not establish the location of the property within the city of St. Louis thereby failing to establish a jurisdictional prerequisite to the judgment. They rely upon a genre of cases typified by *Bonner-Miller Mfg. Co. v. Silverman,* 196 S.W. 376 (Mo.App.1917) and *Davis v. Gerson,* 203 S.W.2d 724 (Mo.1947). Those cases hold that the jurisdictional fact that the premises are within the territorial jurisdiction of

701

the magistrate must be established by the record. And as is noted in *Davis v. Gerson, supra,* [2, 3]: "Missouri cases however hold that we do not take judicial notice that a given point within a city is within the boundaries of a certain township." The territorial jurisdiction of an associate circuit judge in the City of St. Louis under Sec. 535.020 RSMo 1978 is the entire city. While courts normally do not take judicial notice of whether streets are within the boundaries of cities, *Bennett v. Kitchin,* 400 S.W.2d 97 (Mo.1966) [9–11]; *Kieffer v. City of Berkeley,* 508 S.W.2d 295 (Mo.App. 1974) [2, 3], this court and the trial court may take judicial notice that old, established and well-known streets are located within the City of St. Louis. *Stealey v. Kansas City,* 179 Mo. 400, 78 S.W. 599 (1904); *State v. Ruth,* 14 Mo.App. 226 (1883); *State v. Fitzporter,* 16 Mo.App. 282 (1884). Hampton Avenue is such a street in St. Louis. The property in question was located at 6902A Hampton. The record is sufficient to establish the territorial jurisdiction of the court.

Defendants next contend that the acceptance of rent by plaintiffs after institution of the action waived any right to a judgment for possession. The rent tendered by defendants and accepted by plaintiffs was less than the amount due at the time of institution of the action. It was also delineated as the rent for the two months preceding the filing of plaintiffs' action i.e.: it was clearly past due rent. *Neiner v. Altemeyer,* 68 Mo.App. 243 (1897), relied upon by defendants, dealt with acceptance of rent not due until after the suit was begun. *Neiner v. Altemeyer, supra,* held that acceptance of future rent is a waiver of the right to possession. It did not deal with acceptance of a portion of past due rent. Section 535.040 RSMo 1978 provides that a tenant may avoid eviction by paying the rent due either after suit is filed or at the time of the hearing. That obviously refers to all rent past due. Defendants never tendered the full amount of the rent due at the time the suit was filed and plaintiffs were entitled to possession. *See Wolff v. Shinkle,* 4 Mo.App. 197 (1877);

*Mooers v. Martin,* 99 Mo. 94, 12 S.W. 522 (1889); *Mooers v. Martin,* 23 Mo.App. 654 (1886).

Defendants' final point is that there was no adequate demand prior to institution of the action. There was. By letter dated October 5, 1982, plaintiffs' attorney made demand for the rent due August 15 and September 15. By the time suit was filed on October 22 an additional month's rent had come due. The September rent was never paid in full. Failure to make an additional demand for the October rent did not vitiate the demand made on October 5 nor preclude plaintiffs from obtaining the rent owed and possession. *Mooers v. Martin, supra; Carbonetti v. Elms,* 261 S.W. 748 (Mo.App.1924) [6, 7].

Judgment affirmed.

GAERTNER, P.J., and STEPHAN, J., concur.