**Ronald D. EDWARDS, Cindy Edwards, and Nancy J. Ellis, d/b/a EEE Investments, Respondents,**

v.

**Richard C. TOLBERT, Appellant.**

**No. WD 46138.**

Missouri Court of Appeals, Western District.

March 23, 1993.

Kathleen Matthews, Kansas City, for appellant.

Cleo H. Muller, Kansas City, for respondents.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

SPINDEN, Judge.

Richard C. Tolbert rented a house from Ronald D. Edwards, Cindy Edwards and Nancy J. Ellis, doing business as EEE Investments. Because Tolbert did not pay rent on the house after March 31, 1991, EEE Investments filed a landlord complaint and sued Tolbert for rent and possession of the premises. The trial court ruled in EEE Investments' favor, and Tolbert appeals contending that either § 535.020 [1] or § 441.060 required EEE Investments to give him a written demand of rent or a written notice to quit the premises prior to filing its landlord complaint. We disagree with his contention and affirm the trial court's judgment.

On September 27, 1990, EEE Investments and Tolbert entered into a written month-to-month lease, with a purchase option, for a house at 4424 Troost in Kansas City. From September 1990 to March 31, 1991, Tolbert paid his rent on time. On March 1, 1991, Tolbert sent EEE Investments a note which said:

Notice of Intent to Vacate 4424 Troost

I was told by Dennis Pendleton, today, that Savings of America has rejected my application to assume the loan. As I feared, the problem is incorrect information on my credit report. I spent three months clearing up errors at one Credit Bureau, but they used a different one. My seven years on some credit problems will be up this summer, and by October 1, 1991 my credit report should be almost excellent, therefore I hope to exercise my option to buy on approximately 10–1–91. In the meanwhile, I will vacate 4424 Troost, KCMO, on or before 3–31–91. Since, [illegible] our rent with purchase option agreement of 9/27/90, I prepaid March 1991 rent on 2/1/91, no further rent is due EEE, unless I decide to remain in occupancy after 3–31–91.

Tolbert did not vacate the property on March 31, 1991, and continued living there until the court ordered him out.

According to the lease agreement, Tolbert was to pay rent of $450 per month after April 1, 1991. Despite numerous oral demands for rent by EEE Investments, Tolbert paid no rent after he sent his notice to vacate, except for a partial payment of $315 on May 3, 1991.

EEE Investments sued Tolbert on August 22, 1991, for rent and for possession of the house. The trial court granted EEE Investments possession and a judgment for $5,085 plus costs. In this appeal, Tolbert contends that §§ 535.020 or 441.060 require EEE Investments to give him a written demand for rent or a written notice to quit the premises before it can file its landlord complaint. We disagree.

Section 535.020 provides:

Whenever any rent has become due and payable, and payment has been demanded by the landlord or his agent from the lessee or person occupying the premises, and payment thereof has not been made, the landlord or his agent may file a statement, verified by affidavit,

[1] All references to statutes refer to the Missouri Revised Statutes of 1986.

with any associate circuit judge in the county in which the property is situated, setting forth the terms on which said property was rented, and the amount of rent actually due to such landlord; that the same has been demanded from the tenant, lessee or person occupying the premises, and that payment has not been made, and substantially describing the property rented or leased; and thereupon the judge shall issue a summons directed to such tenant or lessee and to all persons occupying the premises, by name, requiring them to appear before him upon a day to be therein named, and show cause why possession of the property should not be restored to the plaintiff.... The case shall be heard and determined under the practice and procedure provided in the Missouri rules of civil procedure, except where otherwise provided by this chapter.

Section 535.060 provides, "Any demand of rent by a landlord ... shall be deemed good within the meaning of this or any other statute of this state, when made at any time after the said rent becomes due according to the terms of the agreement, whether by written lease or otherwise." Nothing within §§ 535.020 or 535.060 requires that the demand for rent be in writing. *Cf. Hoodenpyle v. Tactor Industries, Inc.,* 595 S.W.2d 309 (Mo.App.1979).

Tolbert relies on *Gaines v. Corning,* 672 S.W.2d 699 (Mo.App.1984), for the proposition that a written demand is required. The court in *Gaines* held that the landlord's written demand upon the tenant for rent was adequate to maintain the landlord's action for rent and possession, even though, by the time the suit was filed, another month's rent had become due and the landlord made no demand for it. *Id.* at 701. *Gaines* does not suggest that a demand must be in writing for a landlord to assert an action for rent and possession.

■ In the alternative, Tolbert argues, pursuant to § 441.060.1,[2] that EEE Investments had to give him one month's written notice to quit before filing its complaint. Tolbert contends that a tenancy-at-will was created after he gave his notice of intent to vacate. His notice, however, was not an effective notice of intent to vacate because it was equivocal. It stated he would vacate on or before March 31, 1991, unless he decided to remain after March 31. He remained until the court ordered him out on March 27, 1992. Apparently, the parties considered the notice ineffective or agreed that it had been withdrawn. Otherwise, Tolbert would have owed double rent after March 31 pursuant to § 441.100 which says:

> If any tenant shall give notice, in writing, of his intention to quit the premises held by him, at a time specified in such notice, and shall not deliver up the possession thereof at such time, such tenant ... shall from thenceforward pay the landlord ... double the rent reserved during all the time such tenant shall so continue in possession.

We find no merit in Tolbert's contention. EEE Investments opted to file a landlord complaint, an option available to it pursuant to § 535.020. The judgment of the trial court is affirmed.

All concur.

---

2. Section 441.060.1 provides, "A tenancy at will or by sufferance, or for less than one year, may be terminated by the person entitled to the possession by giving one month's notice, in writing, to the person in possession, requiring him to remove."